**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ABYLGAZY ERKINBAI UULU,

      Petitioner,

v.

JASON STREEVAL, Warden, Stewart Detention Center; KRISTEN SULLIVAN, Field Office Director, Atlanta Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, Attorney General of the United States,

      Respondents.

Case No. 2:26-cv-02402-MIS-KRS

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner Abylgazy Erkinbai Uulu's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), filed May 1, 2026. The federal Respondents filed a Motion to Dismiss the Petition on May 11, 2026 ("Motion"), ECF No. 6, to which Petitioner filed a Response on May 18, 2026 ("Response"), ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

**I.     Background**

Petitioner is a citizen of Kyrgyzstan who entered the United States on August 10, 2023, at the Calexico West Point of Entry where he was inspected by U.S. Customs and Border Patrol officers during a processing appointment he scheduled via the CBP-One app. Form I-213 at 2, ECF No. 6-3. The Department of Homeland Security placed Petitioner in Section 240 removal proceedings, issued him a Notice to Appear, and paroled him into the United States. Id.; Notice to

Appear, ECF No. 1-3.  Petitioner subsequently filed a timely Application for Asylum and for Withholding of Removal.  ECF No. 1-5.  His immigration proceedings remain pending.  See Order of the Immigration Judge, ECF No. 6-6.  Petitioner has no criminal history of any kind.  Pet. ¶ 6.

Nevertheless, on February 12, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in West Virginia and transferred him to a detention center in Georgia. Id. ¶ 4.  Respondents classify Petitioner as an "arriving alien" subject to mandatory detention under 8 U.S.C. § 1225(b).  Id. ¶ 5.

On May 1, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus in the United States District Court for the Middle District of Georgia.  ECF No. 1.  On May 11, 2026, the federal Respondents filed a Motion to Dismiss the Petition.  ECF No. 6.  On May 18, 2026, Petitioner filed a Response to the Motion to Dismiss.  ECF No. 7.

On July 20, 2026, ICE transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico.  Order Transferring Case, ECF No. 11.  On July 24, 2026, this case was transferred to the United States District Court for the District of New Mexico.  ECF No. 12.

## II.    Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus.  Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure

release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

### III.    Discussion

Petitioner argues that his detention under Section 1225(b) violates the Immigration and Nationality Act, the Fifth Amendment's Due Process Clause, and the Suspension Clause. Id. ¶¶ 11-12, 51-65. He asserts that he subject to discretionary detention under 8 U.S.C. § 1226(a), and requests immediate release. Id. ¶¶ 66-72.

Respondents argue that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Mot. at 3.

In Santillan Quiroz v. Mullin, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." __ F.4th __, No. 26-6019, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026). That is precisely the situation presented by this case.

Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Mot., ECF No. 6. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

**IV.     Conclusion**

Therefore, it is **HEREBY ORDERED** that:

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

2.      Respondents are **ORDERED** to immediately release Petitioner Abylgazy Erkinbai Uulu from custody/detention without restraints beyond those that existed before his unlawful detention;

3.      Respondents shall return all of Petitioner's seized property to Petitioner;

4.      Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;

5.      The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

_Margaret Strickland_
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE